# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1671 | **DATE** | December 18, 2000 |
| **CASE TITLE** | A. Kelley's Garage, Inc., d/b/a Kelley's Truck Center v. City of North Lake, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] As set forth in the accompanying Memorandum and Order, this court finds that Plaintiff Kelley's Truck Center's Amended Complaint, as it relates to Defendant Dobbs: (1) is barred by the statute of limitations; (2) fails to relate back to the date of the filing of the Original Complaint; and (3) is not an actionable claim because it is duplicative of the claim against the City of North Lake. Therefore, Defendant Carl Dobbs' Motion to Dismiss the Amended Complaint [14-1], as it relates to him, is granted. It is so ordered.
(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 28 2000 date docketed | |
| | Docketing to mail notices. | | | 28 |
| | Mail AO 450 form. | | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | 00 DEC 27 PM 6:03 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| A. KELLEY'S GARAGE, INC., d/b/a KELLEY'S TRUCK CENTER, Plaintiff, v. CITY OF NORTHLAKE, an Illinois municipal corporation and body politic, MAYOR JEFFREY T. SHERWIN, POLICE CHIEF CARL DOBBS, POLICE CHIEF DENNIS KOLETSOS, and UNKNOWN DISPATCHERS, Defendants. | No. 00 C 1671 |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Carl Dobbs' Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Defendant Dobbs asserts that the claim of Plaintiff, A. Kelley's Garage, Inc. d/b/a/ Kelley's Truck Center ("Kelley"), is barred by the applicable statute of limitations. Defendant Dobbs further alleges that the claim against him in his official capacity is not an actionable claim. For the following reasons, Defendant Dobbs' Motion to Dismiss is GRANTED.

## BACKGROUND

The present action arises from a letter received by Kelley on March 25, 1998. The letter informed Kelley that it had been removed from the City of Northlake's towing rotation list. Kelley filed its original complaint on March 17, 2000 against the Defendants City of Northlake, Mayor Jeffrey T. Sherwin, Police Chief Dennis Koletsos, and Unknown Dispatchers, pursuant to 42 U.S.C. § 1983. The original complaint alleged that the Defendants had participated in a

1



retaliatory scheme to deprive Kelley of its business relationship with the City of Northlake and the Northlake Police Department, violating its rights and privileges under the First and Fourteenth Amendments to the United States Constitution. The City of Northlake was served with the complaint on March 22, 2000.

Shortly thereafter, Kelley realized that it had made an error in the identification of the Police Chief who had actually been in office when the removal process began in 1997. Therefore, Plaintiff filed a motion for leave to amend the original complaint, adding the correct police chief, Defendant Dobbs, in his official capacity. On May 18, 2000, the court granted Kelley's motion, and the First Amended Complaint was filed on May 19, 2000. Defendant Dobbs was served with the amended complaint on May 24, 2000.

Dobbs filed a motion to dismiss the First Amended Complaint, pursuant to Rule 12(b)(6), on the grounds that the Amended Complaint, as it relates to Dobbs, is barred by the statute of limitations, and does not relate back to the filing date of the original complaint under Rule 15(c). Dobbs further contends that the Amended Complaint should be dismissed, as it relates to him, regardless of relation back, because the claim against Dobbs in his official capacity duplicates the claim against the Defendant City of Northlake, and therefore is not an actionable claim.

## STANDARD OF REVIEW

On a motion to dismiss under Rule 12(b)(6), the court must accept "as true all well-pleaded factual allegations of the complaint, and draw all reasonable inferences therefrom in favor of the plaintiff." Gralak v. City of Chicago, Nos. 89 C 6247, 91 C 668, 1994 WL 55662 *2 (N.D. Ill. Feb. 23, 1994), citing Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). Yet, the court will not dismiss the complaint "unless 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id., citing Hishon v.

2

King & Spaulding, 467 U.S. 69, 73 (1984). Furthermore, "the court need not ignore allegations that undermine the plaintiff's complaint, or assign any weight to unsupported conclusions of law." Jacobson v. Nat'l R.R. Passenger Corp., No. 97 C 6012, 1999 WL 1101299 *3 (N.D. ILL. Nov. 29, 1999). Therefore, this Court will accept all well-pleaded factual allegations contained in the plaintiff's amended complaint as true, while declining to disregard allegations to the contrary.

## ANALYSIS

### I. Plaintiff's Amended Complaint is Barred by the Statute of Limitations.

In § 1983 actions, "federal courts adopt the forum state's statute of limitations for personal injury claims." Eison v. McCoy, 146 F.3d 468, 470 (7th Cir. 1998). Therefore, "a two year statute of limitations applies to § 1983 actions" in Illinois. Savory v. O'Leary, No. 90 C 7053, 1994 WL 282289 *4 (N.D. ILL. June 22, 1994), citing Kalimara v. Illinois Dep't of Corrections, 879 F.2d 276, 277 (7th Cir. 1989). Moreover, it is accepted law that "a new defendant cannot usually be substituted or added by amendment after the statute of limitations has run." Hill v. Shelander, 924 F.2d 1370, 1376 (7th Cir. 1991).

Here, the statute of limitations accrued on March 25, 2000, the date Kelley received the letter informing it that it had been removed from Defendant City of Northlake's towing rotation list. Therefore, because the Amended Complaint, adding Dobbs as a defendant, was filed on May 19, 2000, more than two years after the statute of limitations had accrued, this court finds that the statute of limitations bars the claims against Dobbs in the Amended Complaint. However, even though the statute of limitations has run, Kelley can still make a claim against Dobbs if it can demonstrate that the Amended Complaint relates back to the date of the Original Complaint, pursuant to Rule 15(c).

3

## II. The Plaintiff's Amended Complaint Does Not Relate Back because it does not Meet the Requirements of Rule 15(c).

Although a complaint may be barred by the applicable statute of limitations, Rule 15(c) of the Federal Rules of Civil Procedure creates an exception by allowing "the relation back of amendments changing or adding parties so long as no prejudice will ensue." Woods v. Indiana Univ.-Purdue Univ. at Indianapolis, 996 F.2d 880, 884 (7th Cir. 1993). More specifically, Rule 15(c) states that:

> An amendment of a pleading relates back to the date of the original pleading when...
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Gralak, 1994 WL 55662, at *2, citing Fed. R. Civ. P. 15(c) (1991).

Thus, an amended complaint relates back to the date of the filing of the original complaint only when: (1) the amended complaint arises out of the same occurrence set forth in the original complaint; (2) the added defendant has received such notice of the institution of the action within the applicable statute of limitations so that he will not be prejudiced in maintaining his defense on the merits; and (3) the added defendant knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. Wood v. Worachek, 618 F.2d 1225, 1229 (7th Cir. 1980). The court will address each of the three Rule 15(c) requirements in turn.

4

### A. The Amended Complaint Adding Dobbs arose out of the Same Occurrences Set Forth in the Original Complaint.

For an amendment to relate back, it is necessary that the "claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). In the present case, Kelley's removal from the towing rotation list by Defendant City of Northlake and the subsequent letter informing Kelley of the removal led to the filing of the original complaint. The Amended Complaint, adding Dobbs as a defendant, was based upon these same occurrences. Thus, the Amended Complaint merely added a new party and retained the original claims.

A similar situation occurred in Wood, where the plaintiff substituted the names of four identified police officers in the amended complaint as parties for unidentified defendants referred to as "John Doe and Richard Roe" in the original complaint. 618 F.2d at 1228. The court noted that it was "clear that the provisions of the first prerequisite of Rule 15(c) have been met," since "[t]he amendment merely substituted the name of [a police officer] as a party defendant in the place of the unidentified Milwaukee police officers." Id. at 1229.

Accordingly, this Court finds that the amended complaint arose out of the same occurrences set forth in the original complaint.

### B. Defendant Dobbs Did not Receive Sufficient Notice to Avoid Prejudice

Under Rule 15(c), the party added by the amended complaint must have "received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits." Fed. R. Civ. P. 15(c). "'[N]otice' as that term is employed in [this] rule, serves as the means for evaluating prejudice." Woods, 996 F.2d at 888. Therefore, the amount of prejudice that an added defendant will suffer is judged by the amount of notice that he has received. Id.

5

In determining whether an added defendant has received sufficient notice of an action, the courts have noted that "the statute of limitations does not insulate from suit an individual who did not initially receive service (or other notice) . . . so long as no prejudice resulted." Woods, 996 F.2d at 888. This notion purports that notice need not be service, but rather, that notice may be received in alternative ways. Id.

The court in Woods stated "fairness militates against allowing a limitations defense to an opposing party who knows of the action within the required time frame--even though that party is named as a defendant only later." 996 F.2d at 884. The court noted that this notion could be applied to added members of a police department who were members at the time the original complaint was filed against the police department. Id. at 883. Although the added defendants were not named in the original complaint, the court suggested that the new defendants might have gained sufficient notice of the action from the original complaint against the police department. Id. Yet, in relation to one of the particular defendants, the court noted that the particular defendant "left the police department before the original Complaint was filed and that he never received any notice of the suit before" he was served with the amended complaint. Woods, 996 F.2d at 889.

Similarly, in this case, Dobbs had left the City of Northlake's Police Department around May of 1998, before the filing of the Original Complaint against the police department on March 17, 2000. Therefore, Dobbs could not have gained sufficient notice of the lawsuit through the filing of the original complaint against the City of Northlake's Police Department.

To further clarify the meaning of "prejudice," courts have noted that there will be no prejudice if either "the added defendant has had sufficient notice of the institution of the action . . . or if a sufficient identity of interest exists between the new defendant and the original one so that

6

relation back would not be prejudicial." Norton v. Int'l Harvester Co., 627 F.2d 18, 20-21 (7th Cir. 1980). Therefore, this court must determine whether there is a "sufficient identity of interest" between defendant Dobbs and original defendants, because "[a] misnamed defendant may be prejudiced if he or she does not share an identity of interest with the earlier-named defendant or defendants." Gralak, 1994 WL 55662, at *7.

In Savory, the plaintiff claimed that there was a sufficient identity of interest between the newly named defendant and the original defendant, because they were all employed by the Illinois Department of Corrections. 1994 WL 282289, at *4. The court concluded that "even though [the new defendant's] conduct was at the heart of the original claims," there was not a sufficient identity of interest to insure reasonable notice and preclude prejudice. Id. The court also stated that one reason for the lack of identity of interest might have been the lack of agreement in terms of the roles and functions of the old and new defendants. Id.

Here, although the Defendants Dobbs and Koletsos were both the police chief for the City of Northlake, this Court cannot reasonably find that there was a sufficient identity of interest to preclude prejudice. Although Dobbs and Koletsos may have had the same role and function within the police department, they held this role at different times. Therefore, the court cannot reasonably conclude that Dobbs received adequate notice. In the absence of either sufficient notice of the institution of the action, or a sufficient identity of interest so that the new defendant will not be prejudiced, the court cannot relate the amendment back to the date of the original complaint.

In support of its argument that the Amended Complaint relates back because Dobbs was not prejudiced, Kelley cites Hill, 924 F.2d at 1378. The Seventh Circuit in Hill held that an amended complaint changing the capacity of a defendant named in the original complaint did not

prejudice the defendant. Id. Yet, the court conditioned this decision on the fact that the defendant "was named by the plaintiff in the original complaint." Id. at 1375. The court noted that "when the same person is named in the original complaint and amended complaint, notice within the limitations period is not a problem." Id.

Here, the present situation is fundamentally different. Dobbs was not named as a party in the original complaint. He was only later added by the amended complaint. Therefore, notice must have been attained by a different means than the complaint. Consequently, this Court finds that Hill is distinguishable and that Dobbs did not receive sufficient notice of the Amended Complaint to avoid prejudice.

### C. Dobbs Did Not Know Nor Should He Have Known of the Plaintiff's Mistake of Not Naming Him in the Original Complaint.

Lastly, in order for an amendment to relate back under Rule 15(c), an added defendant must have or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. Fed. R. Civ. P. 15(c). Because "the mistake requirement is independent from whether the purported substitute party knew that action would be brought against him," the court will review these as two separate issues. King v. One Unknown Fed. Correctional Officer, 201 F.3d 910, 914 (7th Cir. 2000).

Although there has been some debate as to what constitutes a "mistake," it has been acknowledged that "Rule 15(c) was designed to protect a plaintiff who names a party mistakenly and then discovers the proper party's identity after the statute of limitations has run." Hill, 924 F.2d at 1374. However, in order for an amendment to relate back, the added defendant also must have known or should have known that he would have been named, had it not been for the mistake. Fed. R. Civ. P. 15(c). The goal of this language is to:

8

determine whether the adverse party, viewed as a reasonably prudent person, ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction, or occurrence set forth in the original pleading might be called into question.

Gralak, 1994 WL 55662, at *4, citing Woods, 996 F.2d at 888 (citation omitted).

In Delgado-Brunet v. Clark, an inmate injured in a prison attack added two officers as defendants in an amended complaint. 93 F.3d 339, 341 (7th Cir. 1996). As in the present case, the officers "had no notice of the institution of the first action" until they received the amended complaint. Id. at 344. Therefore, the court held that there was "nothing whatever" to suggest that the added officers knew or should have known of the claim. Id.

Accordingly, there is nothing in the present case that suggests that Dobbs should have known, but for the mistake in identity, that the action would have been brought against him. He had left the City of Northlake Police Department before the original complaint was ever filed. Therefore, he had no knowledge of the original suit until he received the amended complaint, nor should he have had knowledge.

In conclusion, although Kelley's Amended Complaint arises out of the same occurrence set forth in the Original Complaint, a letter dated March 25, 1998, the other requirements of Rule 15(c) have not been met. Dobbs did not, within the applicable statute of limitations period, receive sufficient notice to avoid prejudice in maintaining his defense. Furthermore, Dobbs did not know, nor should he have known, that the action would have been brought against him had it not been for a mistake in identifying the proper party. Therefore, this court cannot allow the Amended Complaint to relate back to the date of the filing of the Original Complaint, and the amendment is hereby barred by the statute of limitations.

## III. Claim Against Defendant in his Official Capacity is Duplicative of the Claim Against the City of Northlake.

Defendant Dobbs has further moved to dismiss the Amended Complaint, as it relates to him, based on the notion that a claim against him in his official capacity is not an actionable claim.

A claim against a public official in her official capacity is "'only another way of pleading an action against an entity of which an officer is an agent'" and should "be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165-66 (1985), citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978). Therefore, when a claim is brought against individual public officials in their official capacities, it is "duplicative of the claims" against the municipal entity, and therefore, the claim "should be dismissed." Gralak, 1994 WL 55662, at *10. The court in Gralak dismissed section 1983 claims against three City of Chicago police officers in their official capacities, holding that the claims against the officers in their official capacities are duplicative of the claim against the City of Chicago. Id. at *2.

Here, the Amended Complaint was brought against Dobbs in his official capacity only. Therefore, the Amended Complaint is merely duplicative of the Original Complaint against the City of Northlake, and therefore, should be dismissed as it relates to Dobbs.

## CONCLUSION

For the foregoing reasons, this court finds that Plaintiff Kelley's Truck Center's Amended Complaint, as it relates to Defendant Dobbs: (1) is barred by the statute of limitation; (2) fails to relate back to the date of the filing of the Original Complaint; and (3) is not an actionable claim because it is duplicative of the claim against the City of North Lake. Therefore, Defendant Carl Dobbs' Motion to Dismiss the Amended Complaint [14-1], as it relates to him, is granted. It is so ordered.

ENTER:

_____
**BLANCHE M. MANNING**
**UNITED STATES DISTRICT COURT JUDGE**

DATE: DEC 18 2000